# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.:** |
| | : | |
| | : | |
| | : | |
| **MARIAM TAHA THOMPSON,** | : | |
| | : | **UNDER SEAL** |
| | : | |
| | : | |
| **Defendant**. | : | |

## MOTION TO SEAL COMPLAINT AND RELATED DOCUMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to place under seal, until further order of the Court, the Complaint for Mariam Taha Thompson (hereinafter referred to as "the defendant"), in the above-captioned case, as well as any related documents, the Government's Motion to Seal and the Court's Order sealing the aforesaid documents. In support of its motion, the government states as follows:

1.     The sealing of a case is appropriate where there exists an extraordinary situation and a compelling governmental interest, Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991), such as taking a defendant into custody, United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949); see also United States v. Sharpe, 995 F.2d 49 (5th Cir. 1993); United States v. Southland Corp., 760 F.2d 1366, 1379-80 (2d Cir. 1985); U.S. v. Lyles, 593 F.2d 182 (2d Cir. 1979) (a charging document may be sealed for any legitimate prosecutorial reason, including to take the defendant into custody and bring him or her before the court), or protecting an ongoing criminal investigation. See generally Globe Newspaper v. Superior Court, 457 U.S. 596, 606-07

(1982); <u>Press-Enterprise Co. v. Superior Court</u>, 464 U.S. 501, 510 (1985); Christopher K. Descherer & David L. Fogel, *Criminal Procedure Project*, 84 Geo. L. J. 1115, 1226 (1996) (courts have found the protection of ongoing government investigations a sufficiently compelling interest to justify sealing).

2.       Today, the United States anticipates that a Complaint will be filed against the defendant, charging her with Unlawful Retention of National Defense Information, in violation of 18 U.S.C. § 793(e). The United States further anticipates that the Court will grant its request for an Arrest Warrant to be issued today for the arrest of the defendant on this Complaint.

3.       The Complaint in this case charges the defendant with the unauthorized removal and retention of National Defense Information ("NDI") on or about February 19, 2020. As described in the Affidavit accompanying the Complaint in this case, the defendant is a contract linguist, and is currently assigned to a Special Operations Task Force facility in Erbil, Iraq. The defendant has been located at the facility in Erbil since mid-December 2019. During her time at the facility in Erbil, the defendant has held a TOP SECRET U.S. government security clearance and has had access to TOP SECRET national defense information. To obtain her clearances, the defendant had to undergo a background investigation and sign certain non-disclosure and user agreements outlining the potential consequences of mishandling classified national defense information.

4.       Starting on or about December 30, 2019, a day after U.S. airstrikes against Iranian-backed forces in Iraq, and the same day protesters stormed the U.S. embassy in Iraq to protest those strikes, audit logs show a notable shift in the defendant's network activity on networked Department of Defense systems accredited to process and store information up to the SECRET level. A review of the defendant's activities on those government-owned systems showed that the

defendant accessed information she did not have a legitimate need to access. Specifically, from December 30, 2019, to February 10, 2020, the defendant accessed approximately 57 files concerning eight human intelligence sources. These files contained classified national defense information including true names, personal identification data, background information, and photographs of the human sources, as well as operations cables detailing information the human sources provided to the United States government.

5.      During a court-authorized search of the defendant's living quarters in Erbil on or about February 19, 2020, FBI special agents discovered a document concealed beneath the defendant's mattress in the defendant's living quarters containing handwritten content in Arabic ("the Note"). The defendant's living quarters are locked and she has exclusive control of the living quarters. FBI Agents reviewed a translation of the Note and confirmed it contains the true names of certain human assets. Specifically, the Note states that the named human assets were collecting information. The Note further advises that the human assets' phones should be monitored and a named individual should be warned. Agents confirmed that the human assets were, in fact, collecting information on behalf of the United States government. Further, the named individual to be warned is affiliated with a designated foreign terrorist organization and was, in fact, a target of the United States. Agents also confirmed that the Note contained national defense information classified at the SECRET level. The defendant's living quarters are not an authorized location for the storage of classified national defense information.

6.      Network activity logs show that on two consecutive days in January 2020, the defendant accessed two separate intelligence reports regarding one of the human assets identified in true name in the Note. Both reports had clear classification markings noting that both of the reports themselves and the human asset's identity information were classified at the SECRET

level.

7.      The investigation is ongoing and may involve the identification of additional subjects who may have received the classified information described above. The public disclosure of the Complaint at this time would heighten the risk of the destruction of evidence, threaten the safety of witnesses and their families, and encourage the flight of the defendant and her possible co-conspirators. Each of these factors is particularly important in this instance because of the highly sensitive nature of the information contained in the Note.

8.      The government submits that these factors present an extraordinary situation and a compelling governmental interest which justify the sealing of the Complaint and related documents. Accordingly, the United States requests that the Court issue an Order sealing the Complaint, related documents, this Motion, and the Order to Seal, until further Order of the Court.

9.      In addition, we request that the sealing Order permit disclosure of the Complaint, related documents, and Order to Seal to appropriate law enforcement, diplomatic, intelligence, military, INTERPOL or other personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of national security, efforts to obtain custody of or detain the defendant, or discussions relating to the defendant's custodial status or detention.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Complaint, related documents, this Motion, and the Order to Seal, until further Order of this Court. A proposed Order is submitted herewith.

Respectfully submitted,

TIMOTHY J. SHEA
United States Attorney
DC Bar No. 437437

 /s/ *John Cummings*
John Cummings
Assistant United States Attorney
DC Bar No. 986573
National Security Section
555 4th Street, N.W., Room 11-824
Washington, D.C.  20530
Office: 202-252-7271
john.cummings@usdoj.gov